UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD HENRIES,

        Plaintiff,

v.

23-CV-1173 (JLS)

UR M. JADDOU, Director, United
States Citizenship and Immigration
Services, GWYNNE DINOLFO, Albany
Acting Field Office Director, SUSAN
DIBBINS, Chief, Administrative
Appeals Office, ALEJANDRO
MAYORKAS, Secretary of the
Department of Homeland Security,
MERICK B. GARLAND, United States
Attorney General,

        Defendants.

## DECISION AND ORDER

Plaintiff Edward Henries commenced this action on November 13, 2023 seeking declaratory judgment under 8 U.S.C. § 1503(a) that he is a United States Citizen and that his N-600 Application for Certificate of Citizenship was improperly denied. Dkt. 1. In addition, Plaintiff requests that this Court "[e]njoin Defendants from removing Plaintiff outside the geographic jurisdiction of this Court." *Id.* at 5.

On November 16, 2023, the government filed a letter stating that, "to the extent the Complaint seeks a stay of removal, such a request must be denied" because "this Court lacks jurisdiction to stay removal orders under the Immigration

and Nationality Act." Dkt. 4.[1] Plaintiff then filed a letter requesting that this Court "schedule an expedited conference," or "take other appropriate action to ensure that Mr. Henries is not wrongfully removed." Dkt. 7.

On November 20, 2023, the Court heard argument on the parties' [4] and [7] submissions. *See* Dkt. 8. The Court then ordered supplemental briefing on the issue of this Court's jurisdiction to prevent Plaintiff's removal from the United States. *See id.* On November 24, 2023, Plaintiff filed a memorandum of law regarding the jurisdictional issue. Dkt. 9.

This Court has considered the parties' submissions and the relevant legal authorities. Based on that review, the Court concludes that it lacks jurisdiction to stay Plaintiff's removal from the United States. The "REAL ID Act of 2005 deprives district courts of subject-matter jurisdiction to review final orders of removal." *Lainez v. Osuna*, No. 17 CIV. 2278 (HBP), 2018 WL 1274896, at *5 (S.D.N.Y. Mar. 8, 2018), aff'd sub nom. *Lainez v. McHenry*, 809 F. App'x 40 (2d Cir. 2020). It follows that "district courts also lack the power to stay such orders." *Id. See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal"); § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien").

---

[1] The government also stated that it "has yet to be served in this matter." *Id.*

2

Thus, to the extent Plaintiff's [7] letter requests that this Court stay his removal from the United States, that request is DENIED. *See Akhuemokhan v. Holder*, No. 112-CV-1181 JFB, 2013 WL 6913170, at *2 (E.D.N.Y. Dec. 30, 2013) ("to the extent petitioner challenges his removal and is seeking a stay of, or any other relief from, his order of removal, this Court lacks jurisdiction to grant such relief, and these claims are dismissed"); *Tavares-Tejada v. Mayorkas*, No. 22-CV-918 (JLS), 2022 WL 17413607, at *5 (W.D.N.Y. Dec. 5, 2022) ("Section 1252(g) forecloses this Court from granting [Petitioner] the temporary restraining order he seeks: a stay of removal, which arises from 'an action by the Attorney General to . . . execute removal orders'").

SO ORDERED.

DATED:   November 27, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE