UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

                        Plaintiff,                           CASE MANAGEMENT ORDER

     -v-

                        Defendant.

_____

Pursuant to the Text Order referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. ("Rule") 16(b) and Local Rule 16,

IT IS ORDERED that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

2. Motions to opt out of ADR shall be filed no later than _____.

3. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished no later than _____.

4. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than _____.   If the parties do not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with Section 5.4(C)(2) of the ADR Plan.

5. All motions to join other parties and to amend the pleadings shall be filed no later than _____.

_____

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

6.      The initial mediation session shall be held no later than _____.

7.      All motions to compel shall be filed no later than _____.  If a discovery dispute arises, the movant must advise the undersigned of the dispute and request a conference by submitting a motion in letter form (copying opposing counsel) to the Court as soon as possible and no later than the deadline to complete fact discovery.  *See* Rule 16(b)(3)(B)(v).  The letter should be filed electronically in CM/ECF using the "Motion" event option (Civil > Motion > Discovery) with a notation in the filing caption that the letter pertains to a discovery dispute.  Upon review of the letter, a conference will be scheduled with the parties to attempt to resolve the issue informally.  If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion.  This informal discovery dispute resolution process is not expedited motion practice.  Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions.  Parties do not waive arguments by failing to raise them in their letter submissions.

8.      All fact discovery shall be completed no later than _____.

9.      The parties shall identify any expert witnesses and produce their reports pursuant to Fed.R.Civ.P. 26(a)(2) as follows:

(a)      plaintiff shall identify any expert witnesses and produce their report by _____;

(b)      defendant shall identify any expert witnesses and produce their reports by _____;

(c)      plaintiff shall identify any rebuttal expert witnesses and produce their report by _____; and

(d)      defendant shall identify any rebuttal expert witnesses and produce their reports by _____.

10.     All expert depositions shall be completed no later than _____.

11.     Pretrial dispositive motions, if any, shall be filed no later than _____.  Such motions shall be made returnable before the undersigned.

12.    Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until _____.  The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

A trial status conference pursuant to Fed.R.Civ.P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled.  At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses.  The joint status report shall contain:

(a)    <u>Nature of the Case</u>:  Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defense and any relationship the case may have to other pending actions.

(b)    <u>Motion Practice</u>:  Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(c)    <u>Settlement</u>:  Describe the status of settlement negotiations.  If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(d)    <u>Trial</u>:  State whether the case is ready for trial.  If not, explain why. Set forth an estimate of how long the trial will take and whether the case is Jury or non-jury

No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension.  The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".  *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

**SO ORDERED.**

DATED:
          Buffalo, New York


                              *Michael J. Roemer*
                              United States Magistrate Judge